**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**EDWARD FERGUSON
ADC # 94606**                                                                                          **PLAINTIFF**

**V.**                    **CASE NO. 5:13CV00088 BSM/BD**

**WENDY KELLEY,** *et al.*                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Edward Ferguson, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Ferguson claims that the Defendants acted with deliberate indifference to his medical needs. The Court previously dismissed Mr. Ferguson's claims against AllCare Correctional Pharmacy, Pharmacorr Pharmacy, Genia Snyder Walker, the John Doe Defendants, as well as Mr. Ferguson's claim that Defendant Iko retaliated against him. (#12, #55)

All remaining Defendants have now moved for summary judgment on all of Mr. Ferguson's claims against them. (#81, #84) Mr. Ferguson has responded to the motions. (#88, #91, #93, #94) In addition, all Defendants have replied to Mr. Ferguson's response. (#90, #98)

For the following reasons, the Court recommends that the Defendants' motions for summary judgment (#81, #84) be GRANTED. Mr. Ferguson's claims against Defendants Kelley, McBride-Andrews, Hubbard, and Iko should be DISMISSED, without prejudice, based on Mr. Ferguson's failure to fully exhaust his administrative remedies. Mr.

Ferguson's claims against Corizon Medical Services ("Corizon") (also known as Correctional Medical Services) should be DISMISSED, with prejudice.

### III. Discussion:

#### A. Summary Judgment Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

#### B. Exhaustion

Defendants Kelley, Iko, McBride-Andrews, and Hubbard contend that Mr. Ferguson failed to fully exhaust grievances against them. The Court must address this issue prior to addressing the merits of Mr. Ferguson's deliberate-indifference claim against these Defendants. See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378,

(8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice).

It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Furthermore, an inmate's beliefs as to the effectiveness of a prison's administrative procedures are irrelevant in determining whether administrative procedures were available.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

  1. Defendant Kelley

In support of her motion for summary judgment, Defendant Kelley provides the declaration of Shelly Byers, the ADC Medical Grievance Coordinator.  (#81-3 at p.1)  Ms. Byers testifies that Mr. Ferguson did not exhaust any medical grievance against Defendant Kelley during the time period relevant to this lawsuit.  (*Id*.)  Mr. Ferguson has

4

not come forward with any evidence contradicting Ms. Byers's testimony. Mr. Ferguson alleges that Defendant Kelley responded to his grievances, but this conduct is insufficient to establish liability. See *Rowe v. Norris*, 198 Fed. Appx. 579 (8th Cir. 2006). Moreover, in his deposition, Mr. Ferguson testified that he did not name Defendant Kelley in any grievance that he submitted. (#86-3 at p.66) Because Mr. Ferguson has not come forward with any evidence that he fully exhausted any grievance identifying Defendant Kelley, his claims against Defendant Kelley should be dismissed, without prejudice, for failure to exhaust.

  2. Defendants McBride-Andrews, Hubbard, and Iko

In his deposition, Mr. Ferguson testified that he failed to fully exhaust his administrative remedies against Defendants McBride-Andrews, Hubbard, and Iko. (#86-3 at pp.59-61) Although Mr. Ferguson testified that he thought that he had filed a grievance against Defendant Iko, he has not come forward with any evidence contradicting his own testimony. (#86-3 at p.60) Accordingly, Mr. Ferguson has failed to create a genuine issue of material fact on this issue, and his claims against Defendants McBride-Andrews, Hubbard, and Iko must be DISMISSED, without prejudice.

  C. Deliberate Indifference - Defendant Corizon[1]

---

[1] In his deposition, Mr. Ferguson also stated that he failed identify Corizon in any fully-exhausted grievance. (#86-3 at p.60) Mr. Ferguson, however, previously submitted a health services response to grievance VSM 11-03937, in which Mr. Ferguson states that he complained to "CMS" multiple times about the failure to receive pain medication. (#11 at p.13) Accordingly, the Court will address the merits of Mr. Ferguson's deliberate-indifference claim against Corizon.

Mr. Ferguson suffered a back injury that eventually required surgery in February of 2013. In his deposition, he explains that in 2011, the back pain that he was experiencing was worsening. (#86-3 at p.17) He underwent an MRI, received multiple steroid injections, and was prescribed Tramadol for pain. He alleges that on multiple occasions during 2011, 2012, and 2013, he was not provided his prescription pain medication. Mr. Ferguson argues that Corizon should be held responsible for his failure to timely receive pain medication because of the manner in which Corizon renewed and distributed prescription medication to inmates.

Corizon cannot be held responsible under 42 U.S.C. § 1983 on a theory that it is generally liable for the misconduct of its employees (also known as respondeat superior liability). See, *e.g.*, *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (no respondeat superior liability under 42 U.S.C. § 1983). A corporation acting under color of state law can be held liable only for its unconstitutional policies or practices. See *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). In other words, Corizon can be held liable only for its policies, customs, or official actions that caused Mr. Ferguson's injury. *Id*.

Mr. Ferguson alleges that Corizon's practice is to allow prescriptions to expire prior to being renewed. As a result of this "policy or custom," he claims, he was not provided prescription pain medication on ten occasions. (#86-3 at p.35) Even assuming that this conduct constitutes a "policy or custom," Mr. Fergusons's claims against Corizon fail.

According to grievance papers submitted by Mr. Ferguson, he complained multiples times about his failure to receive pain medication in 2011. (#11 at pp.4-13) According to these papers, the ADC medical providers were in the process of switching pharmacies during that time. (#11 at pp. 4, 7, 9) Defendant McBride-Andrews explained to Mr. Ferguson that, as a result of the transition, there had been some difficulty receiving medications. *Id*.

In addition, according to Mr. Ferguson's grievance papers, on at least one other occasion, his pain medication was not available to be administered for an unknown reason. After Mr. Ferguson notified medical staff of the problem, the pharmacy was notified and the medication was provided at the next opportunity. (#11 at p.5)

In support of their motion for summary judgment, the Medical Defendants attach the affidavit of Robert Floss, M.D. (#86-4 at p.1) Dr. Floss testified that, according to Mr. Ferguson's medical records, Mr. Ferguson sporadically missed doses of Tramadal between April 2011 and March 2013. Dr. Floss also testified, however, that other pain medication was available to Mr. Ferguson during that time period, including Acetaminophen, Gabapentin, and Ibuprofen, and that these medications would have adequately addressed Mr. Ferguson's pain during the time periods when Mr. Ferguson missed dosages of Tramadal. (#86-4 at p.2) Dr. Floss concluded, according to Mr. Ferguson's medical records, that "Mr. Ferguson had some form of pain medication available to him at all times during the" time period at issue. (#86-4 at p.3) Mr. Ferguson has not come forward with any evidence contradicting Dr. Floss's testimony.

Accordingly, based on the undisputed evidence presented, the Court concludes that Corizon is entitled to judgment as a matter of law.  Mr. Ferguson has failed to offer any proof that Corizon knew of, but deliberately disregarded, his serious medical needs.  See *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 884-85 (8th Cir. 2009) (explaining that proof of deliberate indifference requires a showing that a defendant possessed a state of mind "amounting to criminal recklessness").  Any delay in providing Mr. Ferguson's pain medication was, at most, negligence, and falls short of establishing a constitutional claim.  *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (deliberate indifference standard requires showing more than gross negligence).

### IV.  **Conclusion:**

The Court recommends that the Defendants' motions for summary judgment (#81, #84) be GRANTED.  Mr. Ferguson's claims against Defendants Kelley, McBride-Andrews, Hubbard, and Iko be DISMISSED, without prejudice, based on Mr. Ferguson's failure to exhaust his administrative remedies.  The Court further recommends that Mr. Ferguson's claims against Corizon be DISMISSED, with prejudice.

DATED this 10th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE